Roy Franklin BLEVINS and Bonnie Blevins, as Next Friends for Michelle and Michael Blevins, Minors, Petitioners,

v.

TEXAS DEPARTMENT OF TRANSPORTATION, Respondent.

No. 03–0510.

Supreme Court of Texas.

July 9, 2004.

Stephen Briley, Sheri Marie Cravens, Banner Briley & White, L.L.P., Wichita Falls, for petitioner.

Greg Abbott, Jeffrey S. Boyd, Thompson & Knight, Edward D. Burbach, Grady Click, Susan Desmarais Bonnen, Ronald E. Garner, Barry Ross McBee, Danica Lynn Milios, Rafael Edward Cruz, Office of Atty. Gen., Austin, for respondent.

PER CURIAM.

A propane truck driven by Ernest Blevins struck a bridge abutment and guardrail and overturned, killing Blevins. Several employees of respondent, the Texas Department of Transportation (TxDOT), investigated the accident. Petitioners Roy Franklin Blevins and Bonnie Blevins, as next friends for Michelle and Michael Blevins, sued TxDOT for wrongful death, asserting that the bridge and guardrail were not properly constructed. The trial court denied TxDOT's plea to the jurisdiction, which was based on its failure to receive notice of petitioners' claim under section 101.101 of the Tort Claims Act.[1] The court of appeals reversed and rendered judgment dismissing petitioners' action.[2] The court of appeals correctly concluded that TxDOT's knowledge of the accident and the presence of its employees at the scene did not provide TxDOT actual notice of petitioners' claim within the meaning of section 101.101(c). We have held today in *Texas Department of Criminal Justice v. Simons* that—

> actual notice under section 101.101(c) requires that a governmental unit have knowledge of the information it is entitled to be given under section 101.101(a) and a subjective awareness that its fault produced or contributed to the claimed injury.[3]

However, petitioners argue that there is other evidence of actual notice. We cannot determine from the record presented whether TxDOT established its lack of actual notice under *Simons*. Accordingly, we grant the petition for review so that the parties may address this issue further in the trial court. For the reasons explained in *Simons*, the appeal is dismissed.[4]

1. TEX. CIV. PRAC. & REM.CODE § 101.101.

2. 101 S.W.3d 170, 174 (Tex.App.-Fort Worth 2003).

3. 140 S.W.3d 338, 348, 2004 WL 1533264 (Tex.2004).

4. *Id.* 140 S.W.3d at 349, 2004 WL 1533264.